GEORGE KELS, Plaintiff, *v.* JACOB WEST et al., Defendants.

(County Court, Yates County, October, 1907.

Foreclosure of mortgages on land — Foreclosure by action and sale:
  Sale — Order of offering for sale; Distribution of proceeds and
  surplus — In general.

  Where two parcels of land are mortgaged to secure a certain sum and one of the parcels is thereafter released and the mortgagor subsequently gives a new mortgage upon it to the original mortgagee as collateral security to the first mortgage and to secure the same indebtedness and afterwards sells the parcel that was not released, retaining title to the parcel that has been released and re-mortgaged, upon a foreclosure of the original and collateral mortgages in one action the parcel covered by the collateral mortgage and which still belongs to the mortgagor should first be sold to pay the mortgage debt.

MOTION for confirmation of report of referee as to surplus moneys.

George S. Sheppard, for motion.

H. C. Harpending, opposed.

KNOX, J. Upon foreclosure of two mortgages in this action held by plaintiff, a surplus has arisen of $117. To this surplus the defendant Lewis lays claim under a mortgage held by him upon one of the parcels sold. The plaintiff insists he is entitled to it because of a judgment recovered by him against the defendant West. September 20, 1884, West gave a mortgage to Freeman in the sum of $1,125, on two pieces of land, one of eleven and one-fourth acres and the other seven and one-half acres.

March 28, 1885, the mortgagee released to the mortgagor the seven and one-half acres from the operation of this mortgage, and then, on March 29, 1890, assigned the mortgage then resting on the eleven and one-fourth acres to the plaintiff.

April 15, 1885, West executed another mortgage to Freeman covering the seven and one-half acres above mentioned and a small piece of three acres. The latter piece of three acres is not involved in the foreclosure action.

This last mentioned mortgage recited that " This mortgage is made as collateral security to a certain mortgage made and executed by the said Jacob West to the said Benjamin F. Freeman to secure the payment of the sum of eleven hundred and twenty-five dollars and interest thereon in five years from the first day of April, 1885; said mortgage is dated on the 20th day of September, 1884, and recorded in Yates County Clerk's Office, in Liber 43 at page 174, on the 7th day of November, 1884. This grant is intended as a security for the payment of the sum of eleven hundred and twenty five dollars in five years from the first day of April, 1885, with interest thereon from April 1st, 1885, said interest payable annually on the first day of April of each and every year according to the terms and conditions of the said mortgage."

This mortgage was also assigned to the plaintiff and the two mortgages are set out in the complaint. February 1, 1887, West conveyed the eleven and a quarter acres to one Margeson, and on the same date took a mortgage thereon for part of the purchase money. This mortgage was assigned by West to the defendant Lewis. April 13, 1905, the

plaintiff recovered a judgment against West and another for $130.70. Upon the sale the seven and a half acres were first sold, the proceeds of which were insufficient to satisfy the mortgage claim of plaintiff; and thereupon the other parcel of eleven and a quarter acres was sold and sufficient funds were obtained to satisfy the plaintiff's mortgage claim and leave the surplus of $117. Notwithstanding the order in which the two parcels were actually sold, counsel for the judgment creditor insists that the sum realized for the parcel last sold should first be applied on the mortgage debt, thereby extinguishing the mortgage lien and claim of Lewis, and that then the surplus in question would be regarded as having arisen from the sale of the other parcel, and consequently would belong to the judgment creditor.

It seems to me, however, that, in case an application to the court had been made for directions as to the order in which the parcels should have been put up for sale, direction would necessarily have been given to sell the premises in the order which was actually adopted and followed by counsel for plaintiff in the action.

The referee has reported the surplus to belong to Lewis by virtue of his mortgage claim. I can see no error in the report, and, therefore, conclude that the same should be confirmed.

---

Matter of the Attorney-General of the State of New York for leave to commence an action against the Interborough-Metropolitan Company.

(Supreme Court, New York Special Term, October, 1907.)

Courts — Decisions and rules of decision — Following State or Federal decisions — In interpreting statutes of State.

In the construction of the statutes of this State the courts of this State will follow their own previous decisions rather than those of the United States courts.

Application by the Attorney-General of the State of New York for leave to commence an action against the Inter-